Carr, J.
' I shall first consider the question, whether the appellee, having no good excuse for failing to caveat the ap *363 pedants, is precluded, by the decisions of this court, from looking behind their patent? The appellee in his supplemental hill, has assigned, in excuse for this failure, that the appellants, having entered a caveat against Lewis, took their patents while it was pending. Our caveat law says, “ if any person shall obtain a survey of land, to which another hath by law a better right, the person having such better right, may enter a caveat, to prevent his obtaining a grant, until the title can he determined, such caveat expressing the nature of the right on which the plaintiff claims the land.” 1 Rev. Code, ch. 86. § 38. p. 330. In Johnson v. Brown, 3 Call, 267. this court said, “ It was foreseen by the legislature, that there would be interfering entries and surveys; and the caveat was the remedy for settling all those disputes prior to the patent, to avoid the inconvenience of that solemn instrument being involved in contests of that kind.” Here, we see the nature and object of the caveat. In the case before us, Morris and Harman caveated Lewis, because “ they claimed the land by prior entry and survey.” This brought directly before the caveat court, the title of the caveator; and the judgment upon that caveat, was for the defendant. It was said, indeed, that it did not appear that this was a trial upon the merits, and if not, the judgment did not bind the rights of the parties: but the jury found, that the 2000 acre survey did not 'follow the entry; that the 4000 acre survey was on land for which there was no entry; and that Lewis’s survey was conformable with his entry. And, on this finding, the judgment is given; which, to my mind, is most clearly upon the merits. The caveators appealed, and thereby prevented the caveatee from getting his patent; and pending this appeal, took out their patents, and then abandoned their caveat. I consider this proceeding a fraud; and a fraud too of that sort, that furnished a good excuse to Lewis, for not proceeding to caveat the caveators. For, after a decision against their right, and an appeal indicating their intention to rest the contest on the caveat, Lewis had no rational ground to suspect the application for their patents. *364 He, then, or (which is the same thing) Billips claiming under him, comes into equity, sanctioned by Noland v. Cromwell, even upon my understanding of that case, as explained in M’Clung v. Hughes. And I consider this caveat such a notice to all, whose joint rights as associates with Morris were involved, as affected them with fraud in proceeding to take patents. The case, then, is properly in equity. And, without saying, that the verdict and judgment on the caveat, is decisive of the rights of the parties, I will say that it is, with me, most persuasive evidence. The trial was by a jury of the country, every man of whom was probably familiar with entries, surveys and patents: they had the advantage, too, of hearing the witnesses examined and cross-examined by counsel well acquainted with these subjects; and thus could have every thing which may puzzle us, explained to them, by men who had been upon the land, had traced the lines, and were well acquainted with all the localities. From a decision like this, I should dissent with great diffidence.
But the examination I have given the entries, surveys and evidence, induces me strongly to believe, that the jury was right. The 2000 acre survey does not follow the calls of the entry. The beginning corner is proved to be on the waters of the Poplar Fork; and the call is, down for quantity. That stream runs a north-west course, and the first course of the survey is eastward, up and across the ridge, to get upon other waters of Big-Hurricane creek. Six witnesses (two or three of them, surveyors) state, that the survey is off the entry. The 4000 acre entry is dependent on this, calling for the vacant land on both sides of it; and the error in this, of course renders that wholly erroneous, and throws the surveys, as the jury said, on land for which there was no entry.
With respect to the entry and survey of Lewis, though they might have been more precise and certain, I incline to think they ought to be supported, under the decisions both of this and the federal court.
*365 1 think, however, that the chancellor erred in decreeing a conveyance of Lewis’s title, before compensation shall be made to his devisees, for his services and expenses, in entering, surveying and patenting the land for Billips. The decree should have directed an account of these, and made the payment thereof, a condition precedent to the conveyance of the legal title by Lewis’s devisees to Billips. This, however, being an interlocutory order, the omission will not affect the costs. The decree should be corrected in this-particular, and affirmed in all other respects.
Green, J.
The questions are, whether Billips, the cestui que trust of Lewis, has a better right to the land in controversy than Morris and his associates ? and whether he can assert that right in a court of equity ?
Referring to M’Clung v. Hughes, for the outline of my opinions on questions of this sort, I consider that Morris and his associates taking out a patent for the land in controversy, after the decision in a regular proceeding, that they had no right to it as against Lewis, was such a fraud as might be corrected in a court of equity, upon its general principles; and that all his associates were affected by the notice of this better right than Morris’s, although they might not have had such notice themselves. And, without deciding whether the proceedings in the caveat, were or were not binding upon the rights of the parties to this cause, I think, that, upon the evidence in this case, independently of the verdict and judgment on the caveat, the surveys of Morris and his associates did not conform to their entries; that Lewis’s survey did conform to his, with sufficient certainty, inasmuch as it covered the main body of the land, which it would have covered if it had been surveyed in the strictest conformity to the entry; and that no more latitude has been taken by him, in this case, than might reasonably be allowed in general; especially, as he comes in competition with one, who was not misled by the trivial irregularity in his survey. The verdict of the jury on the caveat, and *366 judgment of the court, which were more familiarly acquainted with subjects of that sort than I am, I confess, weigh strongly with me, to fortify this opinion.
The decree is, however, erroneous, in decreeing a conveyance of Lewis’s title, until his representatives be indemnified by Billips, for his expenses in procuring the title to tire land, with such a compensation for his services in that respect, as may be found reasonable. With this correction, the decree is right.
Coalter, J. said, he concurred in the opinion of judge Green.
Cabell, J. said, generally, that he concurred in the proposed correction of the decree, and in the affirmance of it in all other respects.