Tucker, P.
The 1st point relied upon by the appellant in this case is, that the appellees having unreasonably delayed for eight years to institute this suit to surcharge and falsify the account of .1826, their bill should have been dismissed without farther enquiry. I cannot think so. One of the complainants was a female and under age when that account was in progress, though probably of full age when the report was returned and confirmed ; and though the other complainants were of full age, the gross errors in the account of 1S26 must satisfy every mind, that an equally gross ignorance alone could have prevented their taking measures for its correction. Moreover, the statute of 1826 having now established a limitation of ten years for suits of this description, we cannot, in a case like this, however inclined to frown upon stale demands, reject a party whose suit has been commenced within that period. Now here, the foundation of this suit being to surcharge and falsify the account of 1826, the limitation must be taken from that date ; or at most from *490 1825, the maturity of the youngest child, before whose attainment of full age no account could be demanded according to the provisions of the will. I do not think, therefore, that this objection is valid.
2. As to the charge of interest upon interest from 1827. If, this charge were wrong, still it .is obvious that had the account been properly settled, the balance against the executor would exceed the sum now reported to be due. Carter's ex'ors v. Cutting and wife, 5 Munf. 238. Burnley's adm'or v. Duke &c. 1 Rand. 108. For by the will the estate was directed to be put out at interest, and according to the decision in Garrett &c. v. Carr &c. if the executor did not choose to do so, he is to be considered as a borrower, and should be annually charged with interest, and the interest and not the principal should be applied to the disbursements. A settlement upon this prinhiple, even without holding him to strict account for his large profits made by usury, would have made the balance much larger; and moreover, that balance would have been principal, as the interest and not the principal would have been absorbed by the disbursements. Moreover, the transactions of the estate were closed in 1827, at latest. They should have been considered as closed soon after the testator’s death. According to the case of Garrett &c. v. Carr &c. the balance should have been struck after a reasonable time allowed for payment of the debts. The balance should then have been charged against him as a borrower; and from that time until the distribution, the account should have been adjusted as an account between ordinary debtor and creditor. When the time of distribution arrived, the amount appearing due should have been apportioned at once among the distributees, and the portion of each carried to the separate account of each individually. It would then of course have been due, and being, as to them, a principal sum due, it would carry interest. The result is precisely the *491 same as the case now stands ; and there is no error in this regard.
3. The next point I shall consider is the objection to the joint character of the decree. This is doubtless irregular, but it is no concern of the appellant; since the complainants having made themselves his joint creditors by taking a joint decree, he can safely pay to all or any, and the receipt of any one will be good against all. He can then suffer no injury; and if so, he was entitled to no appeal, since the statute gives the appeal only to those who are aggrieved by the decree. And such has always been the course of this court. The plaintiff in error must shew an error to his prejudice, or he will not be entitled to a reversal.
4. The remaining error assigned is the omission to require a refunding bond. I am free to confess, that in many former decisions of this court, this omission has bee a considered as a substantive error, for which decrees have been reversed with costs. The hardship of this case, however, with the conviction of the utter uselessness of such a bond, where thirty years have elapsed from the testator’s death, and where his debts seem not to ha.ve amounted to 100 dollars at his decease, had pressed upon my mind the consideration of the propriety of conforming our practice in relation to this matter, to the recent decisions of the court in analogous cases, rather than to the former adjudications. It seems to me, that it is an abuse of justice to reverse the decree of an inferior court, not for an error in the actual judgment of the court, but for a mere omission or oversight, which in many cases the losing party stands by and witnesses without objection, that it may be used to his advantage in a superior tribunal. It is obvious that the failure in those cases to require bond is always an oversight. It is never intentional. If a court were to refuse to require it, there would be good ground of complaint. But where it is but an omission, and where all *492 the principles and details of a decree are in favour of the appellee, ought the court nevertheless to reverse the decree ? or ought it not rather to affirm it, taking care to correct it in the matter in which it is defective ? In favour of the latter course of proceeding, there are numerous precedents of the affirmance of decrees in which there were important omissions or defects to the prejudice of the appellant, where it was apparent that'tbey resulted not from the judgment of the court, but from inadvertence. Of some of these cases I will take notice. In some, there was a reversal with costs to the appellee; in others, there was an affirmance, with a correction of the error merely.
Of the first description is the case of Vail v. Nelson, 4 Rand. 478. That was an injunction by a vendee against his vendor, on the ground that a title could not be had. The injunction was dissolved, and a conveyance ordered. The vendee appealed. This court was of opinion that the order was defective, in not annexing it as a condition of the dissolution, that the conveyance should be made. Yet it gave the appellee his costs, though it might seem that the appellant had good cause of appeal. The same principle was followed in Cunningham v. Patteson, 3 Rand. 66. where the court erred in not conventing the necessary parties. In that case, judge Cabell, delivering the opinion of the court, makes this very appropriate remark: “ Had the appellant, at the hearing of the cause, brought to the view of the inferior court the defects in the bill and in the order of publication, they would doubtless have been there amended or supplied. Not having done so, he shall not lie by and take advantage of them in the appellate court, to throw on the opposite party the costs of an appeal which the law never intended to allow for the correction of such defects.” These are wise and just sentiments; and from the influence of them, courts have sometimes said that counsel shall not be permit *493 tod to raise in the appellate court, for the first time, a . . . 1*1 it *ii point which, if made m the court oelow, might have been obviated. 18 Johns, Rep. 559. We follow this principle frequently, in rejecting objections to accounts where there has been no exception, and in other cases. Brockenbrough & al. v. Blythe’s ex’ors & al. 3 Leigh 619. And though it is not followed in all cases, yet I am of opinion that in cases of this description the principle is peculiarly appropriate.
I proceed to notice some cases, where, for errors against the appellant, the court has not reversed the decree, but has simply corrected the error. Such are the cases where the appellant’s bill has been dismissed absolutely, when it should have been dismissed without prejudice. In these cases, although the appellant is aggrieved by a decree concluding his rights forever, yet the error is merely corrected, and the decree affirmed. Of this we have many examples. Jones v. Pilcher’s devisees, 6 Munf. 425. Stott &c. v. Baskerville &c. Id. 20. Rootes v. Holliday &c. Id. 251. Ellis v. Baird, Id. 456. So too in Rankin v. Bradford & al. 1 Leigh 163. 172. on an appeal by the purchaser of a trust subject, he was held liable. The court of chancery, however, directed an account of profits of a part of the slaves he had purchased and afterwards sold, with a view to charge him with those profits, instead of interest, for which alone he was liable. Here was an error by which he would have been aggrieved. Yet the decree was affirmed with costs to the appellee, and corrected instead of being reversed. So in Lewis &c. v. Billips &c. 1 Leigh 366. though a decree was rendered against the holders of the legal title for a conveyance, without taking an account of the expenses of procuring it, and making the payment of them a condition precedent to the conveyance, yet there was no reversal, but an affirmance with costs, and the decree corrected.
*494 Such, in my opinion, should be the course in this case. This court is not bound to follow a practice which' is found pregnant with mischief. The practice of the courts should not, indeed, be lightly changed; but it is not like the rules of property, which can only be changed by legislative power.
Upon the whole, I am of opinion to affirm the decree with costs ; correcting the error, as was done in Heffner v. Miller & others, 2 Munf. 43.
The other judges concurred. Decree affirmed with costs, and omission to require a refunding bond corrected.